UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN GRANDERSON,

        Petitioner,        Case Number: 2:13-cv-14823

v.        Paul D. Borman
        United States District Judge

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO
STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE
AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jordan Javon Granderson is a state inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan. He challenges his convictions for four counts of assault with intent to commit murder, two counts of possession of a firearm during the commission of a felony, and one count of carrying a deadly weapon with unlawful intent. In addition to his habeas petition, Petitioner filed a Motion to Stay Proceedings and Hold Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner was convicted by a jury in Saginaw County Circuit Court as set forth above. On July 21, 2010, he was sentenced to 24 to 60 years in prison for each of the assault with intent to commit murder convictions, 3 years 2 months to 5 years in prison for the carrying a deadly weapon conviction, and 2 years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming that the evidence presented at trial was insufficient to establish his identity as the shooter. The Michigan

Court of Appeals affirmed the convictions. *People v. Granderson,* No. 303616, 2012 WL 2335346 (Mich. Ct. App. June 19, 2012). The Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Granderson,* 493 Mich. 896 (Mich. Nov. 20, 2012).

Petitioner filed the pending habeas corpus petition on November 22, 2013. He raises the same sufficiency of the evidence claim raised in state court. Petitioner also filed a motion to hold habeas petition in abeyance.

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that, although the claim raised in the petition is exhausted, he would like to raise additional, unexhausted claims: that he received ineffective assistance of counsel and that the prosecutor committed misconduct. Petitioner asks the Court to stay the petition so that he may return to state court to exhaust his unexhausted claims.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner appears to argue that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise

2

his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III.

Accordingly, it is ORDERED that Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance [dkt. #3] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a

motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 23, 2013.

s/Deborah Tofil
Case Manager