UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN JAVON GRANDERSON,

    Petitioner,

v.

KENNETH MCKEE,

    Respondent,

_____/

Case Number 2:13-cv-14823

Paul D. Borman
United States District Judge

### OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Jordan Javon Granderson, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for four counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, two counts of possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b, and one count of carrying a deadly weapon with unlawful intent, Mich. Comp. Laws § 750.226. For the reasons that follow, the petition for writ of habeas corpus is DENIED WITH PREJUDICE.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan

1

Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This appeal arises from a shooting in the City of Saginaw on September 26, 2009. On that date, Branden West was driving his vehicle in the City of Saginaw with Lee Abraham seated in the front passenger's seat, his girlfriend Jalessa Riley, seated in the rear passenger's seat, and Riley's six-month-old nephew La'Zeric Riley seated in the rear driver's side. While driving, West approached a group of males who had congregated on Walnut Street. According to the testimony of Jalessa and West, a tall light-skinned male had a chrome pistol in his hand. Both Jalessa and West testified that the tall light-skinned man raised the gun and fired shots into the car, causing windows to shatter. West testified that "lots" of shots were fired, resulting in West losing control of the vehicle and crashing into a tree.
>
> After the crash, West discovered he had been shot in the neck and shoulder. He believed Abraham was dead because he was unresponsive. Jalessa testified that she broke her right ankle and right arm, while her nephew, La'Zeric was shot and bleeding. Michigan State Trooper Rick Jones, who responded to the scene, plugged La'Zeric's bleeding with his finger as he rushed the infant to St. Mary's hospital. At the hospital, the infant was under the care of emergency room physician Dr. George Roller. According to the testimony of Dr. George Roller, La'Zeric had been shot once with the bullet entering through the child's back and exiting through the groin. Dr. Roller operated on La'Zeric, then had the infant transported to a medical facility better suited for infant care. Dr. Roller opined that La'Zeric survived based on two factors: expeditious police action and divine intervention.
>
> While at the scene, Jalessa did not identify defendant because some of defendant's friends were still at the scene of the shooting. While at the hospital, Jalessa identified defendant as the shooter from a photo out of a lineup. Jalessa testified that she knew defendant because she had spoken to defendant in person two days prior to the shooting when he asked her for her telephone number. During trial, Jalessa again identified defendant as the shooter.

2

>Based on Jalessa's identification of defendant as the shooter, police prepared an arrest warrant for defendant. A subsequent search of defendant's home yielded a letter from defendant to his brother wherein defendant requested his brother obtain a Michigan Bridge Card so that defendant could use it to obtain "an ounce of green and a ball of dope," in turn to trade for "an all chrome Tech–9 with an extend and a cooling system." A firearms expert testified that a nine millimeter and .22 casings were recovered from the scene of the shooting.

*People v. Granderson*, No. 303616, 2012 WL 2335346, at *1 (Mich. Ct. App. June 19, 2012).

Petitioner's conviction was affirmed. *Id.*, *lv. den.* 493 Mich. 896 (2012).

Petitioner filed his petition for writ of habeas corpus, which was held in abeyance so that he could return to the state courts to exhaust additional claims. *Granderson v. McKee*, No. 2:13-cv-14823, 2013 WL 6801134 (E.D. Mich. Dec. 23, 2013).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Granderson,* No. 09-0033498-FJ (Saginaw Cty. Cir. Ct., Mar. 10, 2014). The Michigan appellate courts denied petitioner leave to appeal. *People v. Granderson,* No. 323248 (Mich. Ct. App. Nov. 7, 2014), *lv. den.* 498 Mich. 871 (2015).

Petitioner filed a motion to lift the stay. (ECF No. 10). On January 29, 2018, this Court granted the motion to lift the stay and ordered petitioner to file an amended petition. (ECF No. 12). Petitioner subsequently filed his amended petition. (ECF No. 16).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Ineffective assistance of trial counsel.

II. Ineffective assistance of appellate counsel.

III. Insufficient evidence.

IV. Deprived of Fourth Amendment civil liberties to be secure in his paper.

V. Defendant was prived [sic] of his Sixth Amendment right to compulsory process.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

**A. Claim # 3. The insufficiency of evidence claim.**

Petitioner contends that there was insufficient evidence to establish his identity as the shooter, so as to support his conviction.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S.

5

307, 318 (1979). A court need not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 31819 (internal citation and footnote omitted).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); s*ee also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence."). Moreover, "[c]ircumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (quoting *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 n.17 (1957)); s*ee also Holland v. United States*, 348 U.S. 121, 140 (1954) (circumstantial evidence is "intrinsically no different from testimonial evidence," and "[i]f the jury is convinced beyond a reasonable doubt, we can require no more");

*Harrington,* 562 U.S. at 113 ("sufficient conventional circumstantial evidence" supported the verdict).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must

defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Under Michigan law, "[t]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 25 Mich. App. 646 (1970)).

The Michigan Court of Appeals rejected petitioner's claim, finding that Jalessa Riley's positive pre-trial identification of petitioner as the shooter and Riley's and Branden West's positive in-court identifications of petitioner at trial as the shooter was sufficient evidence to establish his identity as the shooter. *People v. Granderson*, No. 09-033498, 2012 WL 2335346, at *2–3.

Two eyewitnesses positively identified petitioner at trial as being the shooter. The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F.2d 1142, 1144 (6th Cir. 1985) (internal citations omitted). Two eyewitnesses unequivocally identified petitioner at trial as being the shooter based on their personal observations. This evidence was sufficient to support petitioner's conviction. *See Thomas v. Perry,* 553 F. App'x. 485, 487–88 (6th Cir. 2014).

Although petitioner attacks the quality of the eyewitness identification, he is basically asking this Court to re-weigh the testimony and credibility of the evidence,

which this Court cannot do. *See United States v. Campbell*, 18 F. App'x. 355, 358 (6th Cir. 2001) (quoting *United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993)). This portion of petitioner's insufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the jury. *See Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).

In addition to the positive eyewitness identifications, there was circumstantial evidence to establish petitioner's identity as the shooter. Identity of a defendant can be inferred through circumstantial evidence. *See Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002).

During a search of petitioner's home subsequent to his arrest, police recovered a letter from petitioner to his brother where petitioner asked his brother to obtain a Michigan Bridge Card so that petitioner could purchase "an ounce of green and a ball of dope," in order to trade it for "an all chrome Tech–9 with an extend and a cooling system." The prosecution's firearms expert testified that a nine millimeter gun and .22 casings were recovered from the scene of the shooting. Evidence that the weapon used in the shooting was similar to the firearm that petitioner wanted to acquire is sufficient circumstantial evidence to establish his identity as the shooter. *See, e.g.*, *Wiggins v. Parker*, 423 F. App'x 534, 537 (6th Cir. 2011).

Although petitioner argues that the letter to his brother was seized by the police in violation of his Fourth Amendment rights (Claim # 4), in determining a

sufficiency claim, the "'reviewing court must consider all of the evidence admitted by the trial court,' regardless of whether that evidence was admitted erroneously." *McDaniel v. Brown*, 558 U.S. 120, 131 (2010) (quoting *Lockhart v. Nelson*, 488 U.S. 33, 41 (1988)).

Because there were multiple pieces of evidence, including eyewitness testimony, to establish petitioner's identity as the shooter, the Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw,* 699 F.3d 908, 919–21 (6th Cir. 2012).

**B. Petitioner's remaining claims are procedurally defaulted.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the

court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, "where a constitutional error has probably resulted in the conviction of one who is actually innocent," a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In the present case, the Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals. Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last

11

reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Saginaw County Circuit Court judge rejected petitioner's post-conviction claims by indicating that petitioner was not entitled to relief on his claims because he failed to show prejudice from failing to raise the issues on his direct appeal, as required by M.C.R. 6.508(D)(3). See *People v. Granderson*, No. 09-0033498-FJ, p. 2-3 (ECF No. 18-14, PgID 528–29). Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292–93 (6th Cir. 2007). [1]

With respect to his post-conviction claims, petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and

---

[1] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette,* 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

12

> effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard."

*Id.* at 754. Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments—those that, in the words of the great advocate John W. Davis, 'go for the jugular,'—in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*] [2] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent."

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a

---

[2] 466 U.S. 668 (1984).

13

defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that petitioner raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an eighteen page appellate brief which raised a claim challenging the sufficiency of evidence, which petitioner has again raised before this Court. Within this claim, appellate counsel also argued that the pre-trial photographic show-up in which Ms. Riley initially identified petitioner was unduly suggestive. [3] Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, none of the claims raised by petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682–83 (6th Cir. 2000).

---

[3] *See* Defendant/Appellant's Brief on Appeal, (ECF No. 18-15, PgID 533–557.)

Because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

In the present case, petitioner has failed to show cause to excuse his default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim [Claim # 3] is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Although petitioner presented two alibi witnesses at trial in support of his alibi defense, namely Alesha Lee and Marcell Swilley, these alibi witnesses would not constitute newly discovered evidence within the meaning of *Schlup* that could be used to establish petitioner's actual innocence so as to excuse his default. *See Keenan v. Bagley*, 262 F. Supp. 2d 826, 835 (N.D. Ohio 2003). To the extent that petitioner claims that trial counsel was ineffective for failing to call additional alibi witnesses Kareem Swilley and Jamar Swilley, petitioner would be unable to use these purported alibi witnesses to support his claim

of actual innocence, because he has offered no affidavits from these witnesses to establish what their proposed testimony would be and whether they would be willing to testify. *See, e.g.*, *Townsend v. Lafler,* 99 F. App'x. 606, 610 (6th Cir. 2004).

Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner has failed to show that his post-conviction claims have any merit. Petitioner is not entitled to habeas relief on his remaining claims.

The Court denies the petition for writ of habeas corpus. The Court will deny petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree

that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See* Fed. R. App. P. 24(a).

17

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated:  June 22, 2020                                   s/Paul D. Borman
                                                        Paul D. Borman
                                                        United States District Judge